**PEOPLE OF THE TERRITORY OF GUAM**
v.
**DEBORAH HALE SCHOTT, Defendant**

Criminal Case No. 104-78

Superior Court of Guam

June 19, 1978

**RAKER,** *Judge*

### DECISION

Defendant Deborah Hale Schott moved this Court May 31, 1978, to dismiss the charge against her on the grounds that (I) Guam Criminal and Correctional Code, § 28.50, is unconstitutionally vague and overbroad, (II) § 28.50 is unconstitutional as applied, and (III) Criminal and Correctional Code, Chapter 28, Article 2, denies equal protection of the laws.

Defendant's first argument deserves little discussion since this Court has already determined that § 28.50 is not vague and overbroad. *People v. Daly*, 1 Guam R. 520 (1978).

█ Furthermore, this Court is not willing at this time to decide that the state could *never* find conduct such as that of the defendant obscene. However, in the *Daly* decision the specific examples of conduct set forth in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607 (1973), were read into Chapter 28, Article 2, so as to define specific sexual conduct. Those examples read as follows:

(a) Patently offensive representation or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.

(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.

531

The People apparently misread the *Miller* and *Daly* decisions since they argue that the examples are "merely illustrative, and not the beginning and end of the obscenity area." *Miller* required that an obscenity statute specifically define prohibited sexual conduct. True, the examples given in *Miller* were only illustrative of the type of conduct which could be specifically defined. However, where, as here, they have been adopted as specific examples of sexual conduct they *are* the beginning and end of the obscenity area. Sexual conduct not defined by statute cannot be criminal after *Miller*.

 The defendant is charged with "pulling and snuggling a customer to her breast in a public place." The most cursory reading of the *Miller* examples indicates that the defendant's alleged act is not included. The complaint herein fails to state a charge under § 28.50.

It is not necessary to reach defendant's third argument. Defendant's Motion to Dismiss is granted.

SO ORDERED.